IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANDEL S. BURRELL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of Social Security, | : | NO. 21-3662 |
| Defendant. | : | |

**OPINION**

SCOTT W. REID                                           DATE: MARCH 10, 2022
UNITED STATES MAGISTRATE JUDGE

Mandel Burrell ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security (the "Commissioner"), denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). For the reasons that follow, I **DENY** Plaintiff's Request for Review and **AFFIRM** the Commissioner's final decision.

**I.      PROCEDURAL HISTORY**

Plaintiff filed applications for SSI and DIB on June 22, 2018. (Tr. 104). In both applications, Plaintiff alleged his disability began on the date of filing, i.e., June 22, 2018. *Id.* Plaintiff's claims were initially denied on November 20, 2018. *Id.* Soon after, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* The hearing took place on August 13, 2019, in Philadelphia. *Id.* Approximately two months later, the ALJ denied Plaintiff's claims on October 18, 2019. (Tr. 118). Plaintiff subsequently requested review by the Appeals Council. The Appeals Council reviewed Plaintiff's case and agreed with the ALJ's findings from steps 1 through 5 of the sequential evaluation but granted Plaintiff's request for review because the ALJ had failed to attach a list of exhibits to her decision. (Tr. 4-5) (noting an ALJ must include an

exhibit list when she issues a less than favorable decision in order to protect claimant's due process rights). Ultimately, the Appeals Council accepted the ALJ's decision and denied Plaintiff's claims in a decision dated June 21, 2021. *See* (Tr. 4-7). The Appeals Council's decision is therefore the subject of the current review as it is the final decision of the Commissioner.

## II.   LEGAL STANDARD

The court's role on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g); *see Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). Therefore, the issue in this case is whether there is substantial evidence to support the Commissioner's conclusion that Plaintiff is not disabled. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and must be "more than a mere scintilla." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d. Cir 2014) (*quoting Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)). The court has plenary review of legal issues. *Schaudeck*, 181 F.3d at 431.

To prove disability, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for . . . not less than twelve months." 42 U.S.C. § 423(d)(1). The Commissioner employs the following five-step process:

1. Whether the claimant is currently engaged in substantially gainful activity;

2. If not, whether the claimant has a "severe impairment" that significantly limits his physical or mental ability to perform basic work activities;

3. If so, whether based on the medical evidence, the impairment meets or equals the criteria of an impairment listed in the "listing

<ol start="3">
<li>of impairments," 20 C.F.R. pt. 404, subpt. P, app. 1, which results in a presumption of disability;</li>
<li>If the impairment does not meet or equal the criteria for a listed impairment, whether despite the severe impairment, the claimant has the residual functional capacity ("RFC") to perform his past work; and</li>
<li>If the claimant cannot perform his past work, then the final step is to determine whether there is other work in the national economy that the claimant can perform.</li>
</ol>

*See Zirnsak*, 777 F.3d at 610; *see also* 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof at steps one through four, while the burden shifts to the Commissioner at the fifth step to establish that the claimant is capable of performing other jobs in the local and national economies, in light of her age, education, work experience, and residual functional capacity. *See Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007).

### III.  THE APPEALS COUNCIL'S DECISION

Adopting the ALJ's decision, the Appeals Council found that Plaintiff suffered from the sever impairments of obesity, thrombophlebitis, mild degenerative joint disease of the bilateral feet, osteoarthritis of the left knee, and depression. (Tr. 5). Those impairments or combination of impairments, however, did not meet or medically equal a listed impairment according to the Appeals Council. *Id.*

The Appeals Council determined that Plaintiff had the residual functional capacity "to perform a reduced range of the light exertional level." (Tr. 6). The Appeals Council explained that Plaintiff could "perform simple, routine, and repetitive tasks, but not a production-rate pace." *Id.* Due to those restrictions, the Appeals Council found that Plaintiff was unable to perform his past relevant work as a home attendant, janitor, or security guard. *Id.* The Appeals Council relied on the testimony of a vocational expert to conclude that Plaintiff could work as a garment sorter, classifier, or folder. (Tr. 7). Plaintiff was therefore found to be not disabled. *Id.*

IV.    **DISCUSSION**

Plaintiff argues in his Request for Review that: (1) the Commissioner failed to include or explain the exclusion of certain limitations opined by the State Agency's psychological consultant; (2) the Commissioner's "credibility" assessment is defective, in part, because it failed to consider Plaintiff's "stellar work history"; and (3) the Commissioner's decision in this case was constitutionally defective because the decision was made by an ALJ and Appeals Council who derived their authority form a Commissioner who was not constitutionally appointed. (doc. 10 at p.2). For the reasons set forth below, Plaintiff's request for review is denied.

   a.   **Substantial Evidence Supports the ALJ's Finding That Plaintiff is Not Disabled**

   i.   **The State Agency Psychological Consultant's Opinion**

The State Agency psychological consultant, Frank M. Mrykalo, Ed.D., reviewed Plaintiff's medical records and found Plaintiff moderately limited in carrying out detailed instructions, maintaining attention and concentration for extended periods, completing a normal workday and workweek without interruptions, and interacting appropriately with the public. (Tr. 80-81). Dr. Myrkalo opined that at the time of his review in October 2018, Plaintiff could make simple decisions, cope with minor demands, follow "simple 1-2 step task directives", perform simple routine type tasks, and comprehend and retain simple task instructions. (Tr. 81). The ALJ concluded, and the Appeals Council agreed, that Dr. Mrykalo's opinion was persuasive. (Tr. 114; Tr. 4).

Plaintiff contends the Commissioner erred because the ALJ did not include all of Dr. Myrkalo's limitations in the RFC. (doc. 10 at 6-11). Specifically, Plaintiff takes issue with the fact that the ALJ neither included the limitation that Plaintiff could only perform "simple 1-2 step task directives" nor did the ALJ explain why she excluded that limitation in her analysis. *Id.*

at 6. Furthermore, Plaintiff argues that the vocational expert ("VE") named three jobs (garment sorter, classifier, and folder) that Plaintiff could perform that all require more than 2-step directives. *Id.* at 7.

As an initial matter, when determining a claimant's RFC, an ALJ is not required to incorporate every finding or limitation made by a medical source simply because the ALJ finds the opinion persuasive. *See Wilkinson v. Comm'r of Soc. Sec.*, 558 F.Appx. 254, 256 (3d Cir. 2014) ("The ALJ was not required to adopt all of Dr. Ali's opinion solely because she found the opinion as a whole persuasive…"). In fact, the regulations state that the RFC determination is expressly reserved for the Commissioner. *Id.*; *see also* 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2); 404.1546(c); 416.946(c). Therefore, Plaintiff's argument that the ALJ was required to include the "1-2 step" limitation is unavailing.

Moreover, the ALJ's RFC decision is supported by substantial evidence. Where an ALJ declines to adopt a medical source's limitations, he must rely on other evidence in the record to support his decision. *See Wilkinson*, 558 F.Appx. at 256; *Yost v. Berryhill*, 2017 WL 4408451 at *7 (M.D. Pa. 2017); *Taylor v. Comm'r of Soc. Sec.*, 83 F.Supp.3d. 625, 628 (M.D. Pa. 2015). Here, the ALJ explained that her findings were made "[a]fter careful consideration" of "all the evidence" and the "entire record" (Tr.16, 21).

In conjunction with her review of Dr. Mrykalo's opinion, the ALJ provided a thorough, seven-page analysis of Plaintiff's medical records which detail Plaintiff's physical ailments, activities of daily living, and mental impairments. (Tr. 110-116). The ALJ examined medical opinions regarding Plaintiff's physical symptoms which included unremarkable x-ray images, reports of no acute distress, and reports of improving conditions with medication. (Tr. 111) (*citing* Exhibits 1F, 4F, 11F, 15F, and 17F). She also discussed Plaintiff's reports that he

5

performed household chores, prepared meals, could travel 50 miles by public transportation, and worked part-time after his alleged onset date. (Tr. 112-113). Finally, the ALJ noted that Plaintiff had not alleged that he was unable to work due to depression, denied suicidal ideation, had a coherent and goal-directed thought process, good mood, appropriate speech and thought content, and had no decreased ability to concentrate, memory lapses or loss, and did not forget words. *Id.* (*citing* Exhibits 14F and 18F). Thus, the ALJ found that Plaintiff was not disabled.

It is not the Court's role to re-weigh the evidence of record and substitute its own judgment as to whether Plaintiff is disabled. Because the ALJ sufficiently addressed the medical opinions and accurately and reasonably cited substantial evidence to support the RFC, her opinion permits "meaningful judicial review" and must be affirmed. *Hernandez v. Comm'r of Soc. Sec.*, 89 F. App'x 771, 773–74 (3d Cir. 2004) ("The Commissioner need not undertake an exhaustive discussion of all the evidence ... where we can determine that there is substantial evidence supporting the Commissioner's decision").

### ii. The ALJ's Hypothetical Question to the Vocational Expert ("VE")

Intertwined with Plaintiff's limitations argument is his claim that the ALJ erred by not including Dr. Myrkalo's "1-2 step" limitation in her hypothetical question to the VE during Plaintiff's hearing. (doc. 10 at p.7). There, the ALJ asked the VE if jobs existed for a hypothetical individual who, *inter alia*, was limited to "perform simple, routine, and repetitive tasks, but not at a production-rate pace." (Tr. 57-58). Notably absent from the ALJ's hypothetical is Dr. Myrkalo's opinion that Plaintiff was limited to performing "simple 1-2 step task directives". The VE responded that the hypothetical individual could work as a garment sorter, classifier, or folder – jobs that Plaintiff contends require more than 1-2 step directives. (Tr. 57-61, 117).

For a VE's testimony to provide an appropriate basis for the ALJ's decision, the ALJ must pose a hypothetical question to the VE that sets forth all *credibly established* limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). "[W]here a limitation is supported by medical evidence, but is opposed by other evidence in the record, the ALJ has discretion to choose whether to include the limitation in the hypothetical." *Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014). When an ALJ presents a hypothetical question to a vocational expert, he need not explicitly state every medical finding in the record. *Casillas v. Astrue*, 671 F. Supp. 2d 635, 656 (E.D. Pa. 2009). Rather, as the Third Circuit held in *Ramirez*, an ALJ need only "adequately convey" those medical limitations. 372 F.3d at 552-55. If a VE's testimony in response to a hypothetical question fairly sets forth every credible limitation established by the evidence, the testimony is substantial evidence of non-disability, and satisfies the Commissioner's burden at Step Five. *Rutherford*, 399 F.3d at 554.

Here, after reviewing the record, the ALJ determined that Plaintiff had "moderate limitations in interacting with others and concentrating, persisting, or maintaining pace." (Tr. 116). She also found no functional limitations relating to Plaintiff's mild limitations "in understanding, remembering, or applying information, and adapting or managing himself". *Id.* The ALJ thus limited Plaintiff to "routine, repetitive tasks performed, but not performed at a production-rate pace, and simple, work-related decisions." *Id.* Because the ALJ has discretion to exclude certain limitations based on the available evidence, the ALJ did not err by excluding Dr. Myrkalo's "1-2 step" limitation in her hypothetical. *See Zirnsak*, 777 F.3d at 615. Moreover, the Third Circuit and courts within its jurisdiction have found similar restrictions adequately account for a claimant's moderate difficulties with concentration, persistence and pace. *See, e.g., McDonald v. Astrue*, 293 Fed.Appx. 941, 946 85 n.10 (3d Cir. 2008) (limitation to "simple,

7

routine tasks" was sufficient to account for moderate restrictions in concentration, persistence, and pace because unlike in *Ramirez*, the claimant did not "often" suffer from these deficiencies) (not precedential); *Menkes v. Astrue*, 262 Fed.Appx. 410, 412 (3d Cir. 2008) (same); *see also Jefferson v. Colvin*, 2017 WL 2199064, at *1 (E.D. Pa. 2017) (distinguishing *Ramirez* and finding RFC limiting Plaintiff to unskilled work with no fast pace or quota production standards and only occasional contact with the public sufficient to account for moderate limitations in concentration, persistence, and pace). Accordingly, I find that the ALJ's hypothetical was appropriate considering Plaintiff's credibly established limitations, and that substantial evidence supports the ALJ's RFC determination.

### iii. The ALJ's Assessment of Plaintiff's Work History

Plaintiff also claims that the ALJ erred by not considering Plaintiff's lengthy work record as part of her analysis. (doc. 10 at pp.8-10). Plaintiff had worked for almost thirty-two years prior to his alleged disability onset. (Tr. 271-72).

Social Security regulations require a claimant's past work history to be considered when evaluating a claimant's subjective complaints. 20 C.F.R. § 404.1529(c)(3). Work history, however, is but one factor that an ALJ must evaluate, and it is by no means dispositive. *Id.*; *see also* 20 C.F.R. § 416.929(c) (listing factors relevant to evaluating subjective complaints, including objective evidence, treatment measures, daily activities, and inconsistencies in statements).

Here, although the ALJ did not mention Plaintiff's work history in her credibility assessment, she explicitly referenced Plaintiff's work history in her factual findings and when determining if jobs existed in the national economy that Plaintiff could perform. *See* (Tr. 106, 117). Moreover, even if the ALJ failed to consider Plaintiff's work history, such failure does not

constitute reversible error because the ALJ articulated how she reached her decision based on the evidence in the record. *See Hyer v. Colvin*, 72 F.Supp.3d 479, 95-96 (D. Del. 2014) (finding no error in the ALJ's analysis where the ALJ did not address claimant's work history because substantial evidence otherwise supported the ALJ's findings); *McTague v. Colvin*, 2013 WL 6905349 at *8 (M.D. Pa. 2013).

b. *Collins* Does Not Require Plaintiff's Case to be Remanded

Plaintiff's final argument is that he is entitled to a new hearing on the basis that the Commissioner did not have constitutionally valid authority to delegate power to the Appeals Council which made its decision on June 21, 2021. (doc. 12 at p.4). Plaintiff cites *Collins v. Yellen*, 141 S. Ct. 1761 (2021), in support of his opinion.

In *Collins*, the United States Supreme Court defined some of the limits of its prior decision in *Selia Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020). In that case, the Court found that it violated the constitutional separation of powers for an executive agency to be led by a single head who serves for a longer term than the president, and who can only be removed from that position for cause. *Id.*

In *Collins*, shareholders relied upon *Seila Law* in seeking to undo some actions of the Federal Housing Finance Agency ("FHFA"). The Supreme Court said that the shareholders "read far too much into" *Seila Law*. 141 S. Ct. at 1788. It explained that *Seila Law* did not invalidate the actions of an officer whose terms of service were unconstitutional; "settled precedent" confirmed that the unlawfulness of a removal provision "did not strip an FHFA director of the power to undertake the other responsibilities of his office." *Id*. and n.23. Justice Alito further specified in *Collins* that *Seila Law's* holding on standing "does not mean that actions taken by such an officer are void *ab initio* and must be undone." 141 S. Ct. 1761 at 1787 at n.24.

9

The *Collins* court specifically distinguished *Lucia v. SEC*, 138 S. Ct. 2044 (2018). In *Lucia*, the Supreme Court held that all actions taken by an unlawfully appointed ALJ for the SEC were void, because the ALJ never had the power to take those actions. *Id*. at 1788. In *Collins*, by contrast, the FHFA directors were properly appointed:

> Although the statute unconstitutionally limited the President's authority to *remove* the confirmed Directors, there was no constitutional defect in the statutorily prescribed method of appointment to that office. As a result, there is no reason to regard any of the actions taken by the FHFA … as void.

*Id*. (Italics in original). Under *Collins*, then, there is no reason to regard any actions taken by a Social Security Commissioner as void, even if 42 U.S.C. § 902(a)(3) is unconstitutional. Thus, the decision does not provide Plaintiff with an automatic right to relief.

Nevertheless, the *Collins* court did not rule out the possibility than an unconstitutional restriction of the President's power to remove an agency head could inflict compensable harm. *Id*. at 1788-9. In these circumstances, however, it must be shown that the removal restriction was the cause of the harm suffered by the plaintiff. *Id*. at 1789. The *Collins* case was remanded to the lower courts to determine whether the plaintiffs could demonstrate this. *Id*. This is not an issue which has been addressed by courts in the Third Circuit. However, it is not difficult to see that *Collins* requires Plaintiff to prove that the decision denying his disability benefits was connected to 42 U.S.C. § 902(a)(3).

Plaintiff argues that the Commissioner's decision was invalid because it was based on a decision by an Appeals Council whose delegation of authority came from Commissioner Saul and "Mr. Saul had no constitutionally valid authority to delegate to these Appeals Council judges because President Biden would have fired him absent the unconstitutional statutory removal provision". (doc. 12 at p.4). He states that in addition to his denial of benefits, he was harmed because he did not receive a constitutionally valid adjudication process in front of the Appeals

Council nor did he receive a constitutionally valid determination by the Appeals Council. *Id.* Plaintiff, however, has not suggested a direct nexus between the adjudication of his disability claim by the Appeals Council and the separation of powers violation in the removal statute that applies to the Commissioner. Nor has Plaintiff shown how the President's inability to remove the Commissioner without cause might have affected any ALJ's disability benefits decision, much less his own. Plaintiff thus asks the Court to remand the Appeals Council's decision which was based on an uncontested factual record and the application of established rules, regulations, and caselaw. The Court will not do so without a clearer nexus. Thus, if *Collins* requires the reversal or vacating of any Social Security disability decision, it is not this one.

### V.  CONCLUSION

The Appeals Council's June 2021 decision finding that Plaintiff is not disabled is supported by substantial evidence. In accordance with the discussion above, I conclude Plaintiff's Request for Review is denied, and judgment is entered in favor of the Commissioner.

BY THE COURT:

*/s/ Scott W. Reid*
_____
SCOTT W. REID, J.
UNITED STATES MAGISTRATE JUDGE